ROBERT S. GREEN AND LILLIE MAE GREEN (HUSBAND AND WIFE), PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59193. Filed September 13, 1957.

*Rupert A. Stuart, Esq.*, and *A. D. Freeman, Jr., Esq.*, for the petitioners.

*Carswell H. Cobb, Esq.*, for the respondent.

MULRONEY, *Judge:* The respondent determined a deficiency in income tax of the petitioners for the calendar year ended December 31, 1952, in the amount of $334.60.

The only issue before us is whether the sum of $1,025.25, expended by Lillie Mae Green, a schoolteacher, for summer school expenses, is an allowable deduction under the provisions of section 23 (a) of the Internal Revenue Code of 1939. Other adjustments were not put in issue by petitioners, therefore, a Rule 50 computation is necessary.

FINDINGS OF FACT.

Some of the facts are stipulated and are found accordingly.

The petitioners are married individuals residing in New Orleans, Louisiana. Their joint income tax return for the calendar year 1952 was timely filed with the district director of internal revenue, New Orleans, Louisiana. Since Robert S. Green is joined herein solely by virtue of having participated in filing a joint return, only Lillie Mae Green will be referred to as petitioner.

Petitioner has been employed as a schoolteacher by the Orleans Parish School Board continuously since 1930. For the first 11 years of her employment she received annual increments in salary. In approximately 1942 she reached the maximum pay and has received no further increments, except for cost of living or increases which affected the whole school system.

At a meeting of the Orleans Parish School Board in December 1946, a resolution was passed providing that effective January 2, 1947, for teachers of the Parish to "qualify for the annual salary increments, or to retain such increments," they were required "to obtain three credits in each five-year period through in-service or through college equivalent." One college session hour was to be considered one credit.

The petitioner in 1952 attended the June session and the summer session of summer school at Columbia University. During the summer she expended $1,025.25 for tuition, room and board, and railroad fare. During the June session petitioner earned 4 college hours of credit and during the summer session she earned 9 additional hours.

Petitioner also attended Columbia University during the summers of 1953 and 1954 and obtained a master's degree as a result of the work completed during the three summers. After she obtained her master's degree, she obtained the ordinary pay raise for a graduate degree.

The expenses paid by petitioner in attending summer school in 1952 were incurred in complying wth the directive of her employer and were for the purpose of maintaining her senior salary position as a schoolteacher.

OPINION.

The sole issue before us is whether the expenses incurred by the petitioner, a schoolteacher, in attending summer school qualify as a deduction under section 23 (a), I. R. C. 1939. The law, concerning the deductibility of such expenses, has been fairly well established since *Hill* v. *Commissioner*, 181 F. 2d 906, which first laid out generally accepted rules to be followed in such cases. The *Hill* case held that such expenses were deductible to a schoolteacher, if they were incurred "to maintain her present position, not to attain a new posi-

tion; to preserve, not to expand or increase; to carry on, not to commence." The respondent recognized the distinctions of the *Hill* case, *supra*, by promulgating I. T. 4044, 1951–1 C. B. 16, to the same general effect.

We must therefore determine the purposes for which the petitioner attended summer school. The petitioner contends that the purpose was to conform to the rules and regulations of her employer in order to maintain her senior salary status. The respondent contends that the purpose was to obtain a master's degree, to improve herself, and to secure an increase in salary.

Petitioner and other teachers of the Orleans Parish were required by the school board resolution to acquire certain credits within each 5-year period to receive or *retain* increments in pay. The respondent admits this and he does not contend the resolution does not pertain to increments received before its adoption. He contends in effect that the requirement was not enforced and that the petitioner was in no danger of losing her position. This is shown, so respondent argues, because petitioner failed to comply with the resolution of the board and nevertheless she retained her position. Admittedly, the resolution was effective as of January 2, 1947. Petitioner acquired the required college credits in the summer of 1952, or some 5 years and 6 months after the resolution became effective. We cannot assume that, because petitioner was not discharged from her position on January 3, 1952, the resolution was not going to be enforced.

Respondent further argues that if petitioner's object had been merely to comply with the resolution requiring 3 college hours of credit, she would have stopped after the June session in which she earned 4 such credits instead of continuing through the summer session and earning 9 more such credits. At the time petitioner attended summer school she was 3 hours of college credits in arrears and it would seem reasonable to us that she continued her studies to obtain credits for the then present 5-year period.

Respondent's real argument is that the petitioner's purpose in attending summer school was to earn a master's degree, and thereby an increment in salary. It is pointed out, in support of this argument, that petitioner returned to Columbia University in 1953 and 1954 and earned a master's degree as a result of the three summers' work. These facts, however, do not alter the fact that the petitioner was required by her employer to obtain certain credits in order to maintain the senior salary status she enjoyed, and this she accomplished by her summer studies in 1952. The fact that these requirements could also be used as a starter toward the earning of a graduate degree seems to us incidental. Respondent does not contend there should be any allocation of expenses that were necessary to obtain the credits to

comply with the resolution and the extra credits secured in the 1952 summer school nor does he contend the expenses were made greater by her obtaining the extra credits. We therefore hold that the summer school expenses of 1952 were incurred by the petitioner in carrying out the directive of her employers and were for the purpose of maintaining a present salary position as a schoolteacher.

Reviewed by the Court.

*Decision will be entered under Rule 50.*