Elmer R. Johnson and Bernice E. Johnson v. Commissioner.
Johnson v. Commissioner
Docket No. 81378.
United States Tax Court
T.C. Memo 1961-119; 1961 Tax Ct. Memo LEXIS 228; 20 T.C.M. (CCH) 582; T.C.M. (RIA) 61119; April 28, 1961
Gerald J. Meindl, Esq., American Bank Bldg., Portland, Ore., and Robert Briggs, Esq., for the petitioners. Walter I. Auran, Esq., for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency of $110.09 in the income tax of petitioners for 1956. The only issue for decision is whether the amount of $501.40 expended by Bernice E. Johnson for summer school expenses is an allowable deduction under the provisions of section 162(a) of the Internal Revenue Code of 1954. All of the facts have been stipulated and are found accordingly. Petitioners are husband and wife who reside at 1272 Alder Avenue, Coos Bay, Oregon. Their joint Federal income tax return for the year 1956 was filed with *229 the district director of internal revenue at Portland, Oregon. Prior to the year 1955, petitioner, Bernice E. Johnson (hereinafter referred to as petitioner), taught school on a temporary basis for a total of 6 years in the State of Nebraska. For the years 1940 to 1943 she was the holder of a 3-year provisional elementary certificate issued by the State of Nebraska and in 1947 she was issued a 3-year provisional secondary certificate by that State. At no time did she meet the requirements of the State of Nebraska for the issuance of a permanent teacher's certificate. In September 1955, petitioner was issued an elementary emergency certificate by the State Board of Education of the State of Oregon and began teaching in School District No. 9 at Coos Bay, Oregon. This elementary emergency certificate was issued on an annual basis and was nonrenewable. In applying for this certificate, petitioner made known her intention to School District No. 9 and the State Board of Education that she planned to enroll in a college course of instruction which would eventually qualify her for a permanent teacher's certificate. In the spring of 1956, petitioner was rehired for the school year 1956-1957 by *230 School District No. 9, Coos Bay, Oregon, in the same capacity and at the same salary as she had for the year 1955-1956, but on the express condition that she attend summer school in 1956 so as to qualify her for a second elementary emergency certificate under the regulations of the State Board of Education. In the event she failed to take certain prescribed courses during the summer of 1956, the second emergency certificate for the school year 1956-1957 would not be issued. At this time, petitioner again manifested her intention to pursue a course of study that would eventually qualify her for permanent certification by the State Board of Education. During the summer of 1956, petitioner attended the Southern Oregon College of Education at Ashland, Oregon, for an 8-week summer session. During that time, she also enrolled in certain extension courses under the Oregon Extension System. The total cost of the summer session and extension courses was in the amount of $501.40. In undertaking this additional education, which was a prerequisite to the issuance of the second emergency certificate, petitioner selected courses which would also serve to assist her in eventually securing permanent *231 certification by the State Board of Education. The second elementary emergency certificate which was issued to petitioner for the year 1956-1957 is also one which was issued on an annual basis and which was nonrenewable. In 1959, upon completion of the required courses of instruction, petitioner received a Bachelor's Degree in Education and in 1960 received a permanent elementary teacher's certificate from the Oregon State Board of Education. On their joint Federal income tax return for the calendar year 1956, petitioners claimed a deduction of $501.40 for the educational expenses incurred by petitioner. Respondent disallowed the claimed deduction. Under the decision in Hill v. Commissioner, 181 F. 2d 906 (C.A. 4, 1950), expenses for summer school education are deductible by a school teacher where incurred "to maintain her present position, not to obtain a new position; to preserve, not to expand or increase; to carry on, not to commence." In the instant case, as a prerequisite to maintaining her employment as a teacher under an emergency certificate, petitioner was required to take the summer courses which she took in the summer of 1956 at a cost of $501.40. *232 That the courses selected by petitioner also served to assist her in eventually securing a permanent certificate is incidental to the main reason for petitioner's taking the additional education. Petitioner, in 1959, did obtain her Bachelor's Degree and in 1960 received a permanent teacher's certificate. These facts do "not alter the fact that the petitioner was required by her employer to obtain certain credits in order to maintain" the status and employment she enjoyed as a teacher under an emergency certificate "and this she accomplished by her summer studies" in 1956. Robert S. Green, 28 T.C. 1154 (1957). Petitioners are entitled to deduct the $501.40 as an ordinary and necessary business expense. Decision will be entered under Rule 50.