Ruth Domigan Truxall v. Commissioner.
Truxall v. Commissioner
Docket No. 87125.
United States Tax Court
T.C. Memo 1962-137; 1962 Tax Ct. Memo LEXIS 171; 21 T.C.M. (CCH) 726; T.C.M. (RIA) 62137; June 5, 1962
Horace W. Domigan, Esq., for the petitioner. Conley G. Wilkerson, Esq., and John J. Larkin, Esq., for the respondent. MULRONY Memorandum Opinion MULRONY, Judge: The respondent determined a deficiency in petitioner's 1958 income tax in the amount of $75.65. All of the facts are stipulated and are so found. Petitioner is a schoolteacher and the sole issue is whether certain summer school expenses are deductible under section 162(a), Internal Revenue Code of 1954. [1]
The petitioner resides in Sunbury, Ohio. She filed her Federal income tax return for the taxable year 1958 with the district director of internal *172 revenue at Columbus, Ohio. The petitioner is a teacher at the Mt. Vernon, Ohio, High School and during the academic year beginning September 1957 and ending June 1958, and for several years both prior and subsequent thereto, taught English Literature, Speech and Dramatics. She holds a life teaching certificate issued by the Department of Education of the State of Ohio which grants to her a license to teach in Ohio schools for life without being subjected to additional licensing requirements. She also has acquired tenure at the Mt. Vernon High School which, under Ohio law, provides protection against dismissal from her teaching job for reasons other than misconduct or gross neglect of duty. She is not required by the law of the State of Ohio or of the local Mt. Vernon Ohio School District to obtain additional education or training in order to retain her teaching job at the Mt. Vernon High School. There was in effect during the year 1958 a requirement by the Mt. Vernon City Board of Education that all teachers in its employment must gain additional training within a designated 3-year period, and each succeeding 3-year period, in order to be eligible to participate in salary increases *173 to be granted during each period. If the requirements as to additional training were not met, the only consequence was that the teacher so failing to meet the requirements would not be advanced in salary, but rather would remain at his or her present salary until such time as the requirements were met. In August 1958 the petitioner and her husband took a trip to Mexico, which trip was sponsored by and was in conjunction with the School of Education of Indiana University. Two and one-half semester hours of credit could be obtained by taking the trip and doing one of the following activities as prescribed by the University: 1.
Prepare a scrapbook
2.
Keep a diary
3.
Write a term paper on the tour
4.
Prepare a teaching unit
5.
Record - in picture or film The trip was also open to those who did not wish to secure University credits. The petitioner secured two and one-half semester hours of credit from Indiana University by keeping a diary of the trip. Her husband did not take the trip for college credit. The two and one-half semester hours of credit was accepted by petitioner's employer in partial satisfaction of her employer's requirement that she receive additional *174 training in order to be eligible to participate in salary increases. The petitioner paid Indiana University at least $340.50, as expenses for the trip and tuition fees for the two and one-half semester hours of credit, which amount was deducted by petitioner in her 1958 Federal income tax return as an ordinary and necessary business expense. The trip began in Indianapolis, Indiana, on August 9, 1958, and ended in the same city on August 23, 1958. The members of the tour traveled by scheduled airlines both to and from Mexico and the tour was directed by Doctor Merrill T. Eaton, Professor of Education at Indiana University. It has long been recognized that expenditures by a teacher to secure required additional education can, under certain circumstances, be deductible as "business" expenses under the provisions of section 162(a), Internal Revenue Code of 1954. Hill v. Commissioner, 181 F. 2d 906; Robert S. Green, 28 T.C. 1154. Respondent, in sec. 1.162-5, Income Tax Regs., has set forth at length many circumstances when educational expenses will and will not be considered deductible. It is enough for this *175 case to say the regulation recognizes a teacher's educational expenses are deductible when undertaken to improve skills required by the teacher in her employment or when undertaken to meet the requirements of applicable regulations imposed by her employer "as a condition to the retention of the taxpayer's salary, status, or employment." Sec. 1.162-5(a)(2), Income Tax Regs.
Here it is stipulated that additional training was "a requirement" of the employer board of education. But respondent argues it was a requirement for eligibility for salary increases, and not for the retention of existing salary. The record shows that the board of education had adopted salary schedules for teachers giving annual salary increases but in order to participate the teachers must earn the equivalent of six semester hours training in the previous three years. It is stipulated "the teacher so failing to meet the requirements would not be advanced in salary, but rather would remain at his or her present salary until such time as the requirements were met." We think it fairly appears from the record presented that the additional education was required of all teachers, and that *176 failure to secure additional education would result in loss of salary rights. The salary for a teaching job was not a constant sum. It was an adopted regulation of the school board providing for a schedule for annual advancements in salary. Withholding of such an advancement in salary was more in the nature of a sanction against a teacher who failed to satisfy the additional training requirement. Under the circumstances, we feel it would be correct to say the additional training was undertaken to preserve petitioner's existing salary rights which included rights to annual advancements which would be lost if she did not comply with the additional training requirements. In Hill v. Commissioner, supra, it was held that a schoolteacher could deduct summer school expenses if they were incurred "to maintain her present position, not to attain a new position; to preserve, not to expand or increase; to carry on, not to commence." Here, the schedule for annual advancements in salary was an integral part of petitioner's present position as a schoolteacher. It would be meaningless to talk about her present position without including the salary schedule. If petitioner did not satisfy *177 the additional training requirements, she would, in effect, lose one of the advantages of her present position by failing to participate in the annual advancement. We hold for petitioner on the issue presented. Decision will be entered for the petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩