Ansis Mitrevics and Ludmila Mitrevics v. Commissioner.
Mitrevics v. Commissioner
Docket No. 87632.
United States Tax Court
T.C. Memo 1963-67; 1963 Tax Ct. Memo LEXIS 276; 22 T.C.M. (CCH) 271; T.C.M. (RIA) 63067; March 7, 1963
Gabriel T. Pap, Esq., 51 E. 67th St., New York, N. Y., for the petitioners. Joseph M. Touhill, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent has determined deficiencies in income tax for the calendar years 1956 and 1957 in the respective amounts of $357.36 and $281.69. Certain adjustments in the determination of deficiency for 1956 have been conceded. The issues remaining for decision are (1) whether petitioner Ludmila Mitrevics is entitled to deduct under the provisions of section 162(a), I.R.C. *277 1954, her expenses in acquiring an American dental degree and, if so, (2) whether certain of these expenses have been substantiated. Some of the facts have been stipulated. Findings of Fact The stipulated facts are hereby found accordingly. Ansis and Ludmila Mitrevics are husband and wife residing at 36 - 6th Avenue, Brentwood, Long Island, New York. They filed their joint income tax returns for the years 1956 and 1957 with the district director of internal revenue, Brooklyn, New York, and the district director of internal revenue, Upper Manhattan district, New York, respectively. Ludmila Mitrevics (hereinafter referred to as petitioner) was born in Riga, Latvia. She studied dentistry at the University of Latvia for 4 years. Because of the war, she could not complete her studies in Latvia. She attended the University of Kiel, Germany, graduated in 1947, and was licensed in Germany as a Doctor of Dental Surgery (hereinafter referred to as D.D.S.). Petitioner practiced dentistry in Germany for approximately 1 year. Subsequently she was employed as a dentist aboard the ship General Stuart for 9 months. After coming to the United States, petitioner became an employee of the *278 Murry and Leonie Guggenheim Dental Clinic (hereinafter referred to as the clinic). Petitioner served as a Fellow in dentistry for children at the clinic from April 19, 1951 to June 13, 1952. She could not continue to serve beyond this period unless she obtained an American dental degree. The nature of the work petitioner performed was clinical dentistry on child patients as performed by any qualified dentist. As a Fellow, she also attended lectures on clinical dentistry and on related dental and medical sciencies. The term Fellow means graduate trainee and student of dentistry. The salary petitioner received was $172.50 per month, paid semimonthly. Tax was withheld on these salary payments and she was furnished with a withholding statement. At the time she completed the Fellowship, it was petitioner's aim to be admitted to advanced standing as an undergraduate in an American dental college in order to qualify for professional licensure in the United States. At the time petitioner began to work for the clinic, she thought that she could work there for an unlimited time. Petitioner was pregnant in June 1952 and gave birth to a child in September 1952. About 6 months after *279 the birth of her child, petitioner began to work as a dental technician, continuing for 2 years. This position does not require a D.D.S. or a university degree in dentistry. Petitioner could not work as a dentist and worked at this job to earn enough money to go to dental school. Petitioner was accepted as a dental student at New York University in New York City. She attended Howard University in Washington, D.C. (hereinafter called Howard). The tuition there was less than that at New York University. Petitioner commenced her studies at Howard in September of 1955. The course of dental studies pursued at Howard was of the same nature and extent as, and duplicated, her dental studies in Europe. Petitioner lived and paid rent in Washington, D.C., while a student at Howard. Students at Howard were required to contact their own patients to perform the required clinical work. Petitioner incurred telephone expenses in making these appointments. Petitioner was graduated from Howard in June 1958. In the same year she passed the National and Connecticut State Board examinations and in August 1958 obtained a license to practice dentistry in Connecticut. A dental degree from an American *280 dental school was a prerequisite to obtaining a professional license to practice dentistry in the State of Connecticut. After becoming licensed in Connecticut, petitioner took employment with Dr. Dubin in Hartford, Connecticut, as a practicing dentist. She could not have accepted this position had she not attended Howard and received an American degree. In his deficiency notice, respondent determined that the expenses claimed were "not allowable, since [they] were not substantiated and do not constitute ordinary and necessary expenses within the purview of section 162 of the Internal Revenue Code of 1954, but are personal expenses within the meaning of section 262 of that Code." Opinion Petitioner relies solely [1] on the second alternative of section 1.162-5(a), Income Tax Regs., [2] to support the deduction of the cost of acquiring an American dental degree as a trade or business expense within the meaning of section 162 of the Internal Revenue Code of 1954 and contends that the termination of her employment with the clinic was a direct result of the clinic's requirement of an American dental degree. *281 There can be no doubt that the education permitted petitioner to attain a higher position. In order for a so-called dual "purpose," see Commissioner v. Johnson, 313 F. 2d 68 (C.A. 9, Jan. 31, 1963, affirming a Memorandum Opinion of this Court, [3] to exist, it must, we think, be shown at least that one of the "purposes" is to "meet * * * the express requirements of [petitioner's] employer * * * imposed as a condition to the retention * * * of [her] salary, status or employment." (Italics added.) Petitioner did not and could not have had a purpose to retain her salary or employment as she had already relinquished both years before the claimed expenses were incurred. And as to "status," there has been no showing, not only of any requirement of her employer or of the law that she maintain any specific status but even that, at the time of the claimed expenditures, she had any relevant status to maintain. Her status at the clinic was that of "Fellow," not one legally permitted to practice dentistry. And this she never sought to "retain," before, during, or after the education she undertook. Petitioner *282 must hence establish that at least one of the reasons for entering an American dental school and incurring expenses to acquire an American degree was to retain her position or salary. Whether regaining a position which she lost as a result of her employer's requirement is also a permissible purpose, we need not decide on this record. See Hill v. Commissioner, 181 F. 2d 906 (C.A. 4, 1950), reversing 13 T.C. 291 (1949); Robert S. Green, 28 T.C. 1154 (1957); Commissioner v. Johnson, supra.Here, even the latter has not been satisfactorily shown. The evidence may suffice to suggest that her employer's requirement of an American degree forced petitioner to leave the clinic. That is the outer limit of its effectiveness. It does not prove that she eventually entered Howard even in order to reacquire this position. In June 1952, petitioner was expecting a child and would have been forced to leave the clinic for at least a short period of time under any circumstances. Six months after the birth of her child, petitioner began to work as a dental technician, ostensibly to acquire the money necessary for her education. Three years after leaving *283 the clinic, petitioner entered Howard. After 3 years at Howard, petitioner qualified for the National and New York State Board examinations. At this time she passed the National examination but, instead of applying for the examination in New York, which was the location of the clinic, petitioner passed the Connecticut examination and was licensed to practice dentistry in that State. She then began to work for a Connecticut private practitioner as a practicing dentist, a position she could not have filled prior to receiving her American dental degree. A reasonable view of these facts indicates that, although petitioner may have intended to work for her American degree at the time she left the clinic, she was interested in qualifying for an American practice of dentistry rather than a return to the clinic or similar position. Therefore, the education was not to maintain her "salary * * * or employment." Sec. 1.162-5(a), Income Tax Regs. And, despite petitioner's argument to the contrary, and accepting the fact that petitioner's work as a graduate trainee and her prior experience in Europe involved some work of a qualified dental practitioner, petitioner's *284 "status" was not merely maintained but was materially improved and altered by her American degree and her ensuing qualification as an American D.D.S. From the time petitioner left Germany she was employed in an area related to dentistry as an assistant, Fellow, dental technician, and dentistry student. But in none of these occupations was she regarded as a qualified dentist, and not until she received her American dental degree and passed the qualifying examinations was she actually able to practice dentistry. To suggest that petitioner had "status" as an American dentist any sooner is pure sophistry. On these facts, petitioner's situation seems to us more nearly like Namrow v. Commissioner, 288 F. 2d 648 (C.A. 4, 1961), affirming 33 T.C. 419 (1959), certiorari denied 368 U.S. 914, than such cases as Robert S. Green, supra; Cosimo A. Carlucci, 37 T.C. 695 (1962); or Laurie S. Robertson, 37 T.C. 1153 (1962). The very fact that petitioner was engaged in a capacity for which she was not qualified prior to her attendance at Howard, rather than retaining or even regaining her previous position or one similar *285 to it, illustrates this change. As a result, the cost of her qualifying for domestic dental examinations was not deductible within the meaning of section 162. Sandt v. Commissioner, 303 F. 2d 111 (C.A. 3, 1962), affirming Memorandum Opinions of this Court. Decision will be entered for the respondent. Footnotes
1. She insists that she already possessed all the necessary skills to practice dentistry. ↩
2. Section 1.162-5(a), Income Tax Regs., provides: Expenditures made by a taxpayer for his education are deductible if they are for education * * * undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. In her reply brief (p. 17) petitioner states that her aim was "not [an] American dental education, but only to obtain an American Dental 'degree' * * *. [She] did not need any dental education."↩
3. Consolidated for opinion with United States v. Michaelsen.↩