Donald C. Hester v. Commissioner.
Hester v. Commissioner
Docket No. 89293.
United States Tax Court
T.C. Memo 1963-107; 1963 Tax Ct. Memo LEXIS 237; 22 T.C.M. (CCH) 501; T.C.M. (RIA) 63107; April 15, 1963
*237 Petitioner has been a teacher of political science since 1946. He was employed as an instructor of government and politics at the University of Maryland during the years 1948 through 1952 and 1956 through 1959. During the taxable year 1958 petitioner spent the sum of $751.31 in connection with the research and typing of his dissertation leading to a degree of Doctor of Philosophy. These expenditures were undertaken by petitioner primarily for the purpose of maintaining or improving skills required by petitioner in his employment. Held, the expenditures are deductible under section 162(a), I.R.C. 1954, as interpreted in section 1.162-5, Income Tax Regulations.
D. C. Hester, pro se, Trenton, N.J., A. E. Kaufman, Esq., for respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined a deficiency in income tax for the calendar year 1958 in the amount of $135.87. In his return petitioner claimed an overpayment of $121.93. The only issue to be decided is whether the sum of $751.31 spent by petitioner in 1958 in connection with the research and typing of his dissertation, leading to a degree of Doctor of Philosophy, is deductible under section 162(a), I.R.C. of 1954. *238 Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. Petitioner, an individual, resided at Trenton State College, Trenton 5, New Jersey, at the time the notice of deficiency was mailed to him. He had filed his income tax return for the year ended December 31, 1958, with the director of internal revenue at Baltimore, Maryland. On his return for 1958 petitioner deducted the sum of $650 in connection with the research and typing of his dissertation leading to a degree of Doctor of Philosophy. The respondent disallowed the deduction with the following explanation: It is determined that the deduction of $650.00 claimed on your Federal income tax return for the taxable year ended December 31, 1958 is not allowable since the claimed amount does not constitute an allowable expense within the purview of section 162 of the Internal Revenue Code of 1954, but is a personal expense within the meaning of section 262 of that Code. Petitioner obtained his Bachelor of Arts degree from Bluffton College, Ohio, in 1943, and his Master of Arts degree from Ohio State in 1944. Since 1946 he has been a teacher of political science. During the years 1948 through *239 1952 and 1956 through 1959 petitioner was employed as an instructor of government and politics at the University of Maryland, College Park, Maryland. During the taxable year 1958 petitioner spent the sum of $751.31 in connection with the research and typing of his dissertation leading to a degree of Doctor of Philosophy which he received in January 1959. These expenditures were undertaken by petitioner primarily for the purpose of maintaining or improving skills required by him in his employment. The expenditures of $751.31 made by petitioner were ordinary and necessary expenses incurred by him in carrying on a trade or business within the meaning of section 162 of the Internal Revenue Code of 1954. Opinion Petitioner contends that the expenditures of $751.31 are deductible under section 162, [1] *240 I.R.C. of 1954. Respondent determined and contends that they are "personal" expenses within the meaning of section 262, [2] I.R.C. of 1954, and that, therefore, no deduction shall be allowed. It has been established that the cost of education undertaken to qualify or establish oneself in a trade or business, or to meet the minimum requirements of a particular employment, is a personal expense in the nature of a capital outlay and is, therefore, not deductible. Welch v. Helvering, 290 U.S. 111. On the other hand, see Robert S. Green, 28 T.C. 1154, wherein we said: The law, concerning the deductibility of such expenses [expenses for education], has been fairly well established since Hill v. Commissioner, 181 F. 2d 906, which first laid out generally accepted rules to be followed in such cases. The Hill case held that such expenses were deductible to a schoolteacher, if they were incurred "to maintain her present position, not to attain a new position; to preserve, not to expand or increase; to carry on, not to commence." The respondent recognized the distinctions of the Hill case, supra, by promulgating I.T. 4044, 1951-1 C.B. 16, to the same general effect. In the instant case, *241 petitioner by 1958 had well established himself in the teaching profession. He had met all the minimum requirements of his position. He has been a teacher of political science since 1946. He was employed by the University of Maryland as an instructor of government and politics during the years 1948 through 1952 and again from 1956 through 1959, including the taxable year here in question. The expenditures made by the petitioner in 1958 were for education (including research activities) undertaken primarily for the purpose of maintaining or improving skills required by him in this employment. They were not made to attain a new position or to expand but were made primarily to improve his skill in his then present position. At the hearing petitioner testified, in part, as follows: I undertook this project in order to maintain my qualifications. * * * I taught comparative government international relations, international law, political theory, political government, and political parties. * * * I didn't have graduate students alone but I had graduate students in my classes, and I supervised their work as graduate students. I was in the occupation, I was not in training. * * * I would like *242 to state that I was employed from 1956 to 1960 on annual reappointments, on the basis that I maintained my qualifications. This was the understanding, that I maintained my qualifications. * * * My status, rank and salary remained the same * * * after I received the degree. So if the argument is that I did it in order to improve my personal aspirations, the answer is, I didn't. [Italics supplied.] On cross-examination petitioner again emphasized that he had incurred the expenditures in question "as part of my professional duties," specifically, "to improve myself so I can teach better, do a better job of teaching, and I will say this, that I have used this material many, many times, and it has been exceedingly valuable to me in my class work." He further testified that "I had to maintain my qualifications, and this was one way of maintaining my qualifications." By reason of Hill v. Commissioner, 181 F. 2d 906, and I.T. 4044, 1951-1 C.B. 16, the new Regulations issued pursuant to the 1954 Code, with respect to the particular area of the law here involved, are much more liberal than those under the 1939 Code. Section 1.162-5 of the new Regulations provides in part: § 1.162-5 Expenses *243 for education. (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business * * *. * * *
Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. * * * (e) The provisions of this section may be illustrated by the following examples: * * *
Example (2). B, a general practitioner of medicine, takes a course of study in order to become a specialist in pediatrics. C, a general practitioner of medicine, takes a 2-week course reviewing developments in several specialized fields, including pediatrics, for the purpose of carrying on his general practice. B's expenses are not deductible because the course of study qualified him for a specialty within his trade or business. C's expenses for his education and any transportation, meals, and lodging while away from home are deductible because they were undertaken primarily to improve skills required by him in his trade or business. * * *
Example *244 (5). E, a high school teacher of physics, in order to improve skills required by him and thus improve his effectiveness as such a teacher, takes summer school courses in nuclear physics and educational methods. E's expenses for such courses are deductible. We think the facts of the instant case are well within the ambit of the above-quoted portion of the Regulations and the examples there given. We think the evidence offered by petitioner clearly shows that the courses in education taken by him were for the purpose of maintaining his position as an instructor of government and politics. We think that it can be fairly said that such courses were undertaken "primarily" for the purpose of maintaining or improving skills required by petitioner in his employment. As such, we hold that the expenses for such courses were ordinary and necessary and are deductible under section 162(a) of the 1954 Code. Hill v. Commissioner, supra; Robert S. Green, supra; John S. Watson, 31 T.C. 1014; Cosimo A. Carlucci, 37 T.C. 695; Laurie S. Robertson, 37 T.C. 1153. We think these cases and the instant case are all distinguishable on the facts from Harold H. Davis, 38 T.C. 175, on appeal to C.A. 9. We *245 found as facts in the Davis case that: The petitioner was not required by Pomona College to undertake his research project or to make the trip to England. * * * The petitioner's primary purpose in writing and publishing the various articles and in writing his book was to gain him prestige as a scholar. The petitioner's primary purpose in making the trip to England was to obtain material necessary to the completion of his book and was not for the purpose of obtaining education. In the instant case we have found as a fact that the expenditures in question were undertaken primarily for the purpose of maintaining or improving skills "required by him [petitioner] in his employment." See also United States, et al. v. Michaelsen, et al., 313 F. 2d 668 (C.A. 9, Jan. 31, 1963), affirming 203 F. Supp. 830, and a Memorandum Opinion of this Court, Elmer R. Johnson, T.C. Memo. 1961-119. Decision will be entered under Rule 50. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *. 2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩