Ralph A. Fattore v. Commissioner.
Fattore v. Commissioner
Docket No. 2746-62.
United States Tax Court
T.C. Memo 1963-219; 1963 Tax Ct. Memo LEXIS 126; 22 T.C.M. (CCH) 1093; T.C.M. (RIA) 63219; August 20, 1963
*126 During the calendar year 1960 petitioner was employed as an engineering aide. During the period from January through August petitioner incurred expenses in going to night school in the amount of $960. The incurring of these expenses was undertaken primarily for the purpose of maintaining or improving skills required by petitioner in his employment. Held, the expenditures are deductible under section 162(a), I.R.C. 1954, as interpreted in section 1.162-5(a)(1), Income Tax Regulations.
Ralph A. Fattore, pro se, 182 Grammercy Pl., East San Jose Calif., Leslie M. Hartman, for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: The respondent determined a *127 deficiency in income tax for the calendar year 1960 in the amount of $238.94. The only issue to be decided is whether the sum of $960 spent by petitioner in 1960 in attending night school primarily for the purpose of maintaining or improving skills required by petitioner in his employment is deductible under section 162(a) I.R.C. 1954. Findings of Fact Petitioner is an individual with principal residence at East San Jose, California. He filed his individual income tax return for the calendar year 1960 with the district director of internal revenue at Brooklyn, New York. At the time of the hearing, petitioner was 24 years of age. From October 6, 1958, until September 26, 1960, petitioner was employed as an engineering aide by the Sperry Gyroscope Company at Great Neck, New York. Petitioner's duties as an engineering aide consisted of drafting, purchasing parts for the engineers, doing liaison work between his department and the Air Force, filing, and changing blueprints. Prior to his employment at Sperry Gyroscope Company, petitioner had completed 30 or 40 units, which is equivalent to a little better than one year, in college mathematics and other *128 college subjects at St. John's University, an accredited university in New York. From October 1958 to August 1960, petitioner, while employed with Sperry Gyroscope Company, atended night classes at St. John's University. In August, 1960, petitioner was advised by his supervisor that, since he had taken a scattering of courses, he should take a leave of absence and go to school fulltime during the day and take the required courses to fill in so that he could get a degree and, therefore, be able to have a more secure future with the Sperry Gyroscope Company, especially during slack periods when lesser trained employees would be laid off. On September 26, 1960, petitioner was granted an educational leave of absence to June 30, 1961. During this period petitioner's status with Sperry Gyroscope Company was that of a company employee on a leave of absence suggested by the company specifically to continue his education. The leave of absence was without pay. From September 26, 1960, to June 30, 1961, petitioner did attend St. John's University as a full-time student. On June 10, 1961, he was granduated from St. John's University with a B.S. degree. Petitioner majored in mathematics *129 and minored in physics and philosophy while at the university. Petitioner terminated his employment with the Sperry Gyroscope Company at the end of his leave of absence on June 30, 1961. On April or May 1961, petitioner secured employment as an associate engineer with Lockheed Aircraft Corporation in California. Petitioner's rate of pay as an associate engineer with Lockheed Aircraft Corporation exceeded his pay which he had received from Sperry Gyroscope Company by $15 to $20 per week. Petitioner's employment with Sperry Gyroscope Company was not conditioned upon his attending school at night while employed by that company and was not conditioned upon his taking a leave of absence from September 1960 to June 1961 to continue his education, but he was advised to do so by his supervisor. During the period from January through August 1960, petitioner incurred expenses in going to night school in the amount of $960. He deducted this amount on his return for 1960 as representing expenses "Attending St. John's University taking courses to maintain job." The respondent disallowed the deduction and explained his disallowance thus: You have failed to establish that the expense was *130 undertaken primarily for the purpose of meeting the express requirements of your employer, or the requirements or applicable law or regulations imposed as a condition to the retention by you of your salary status or employment. The expenses in the amount of $960 were incurred primarily for the purpose of maintaining or improving skills required by petitioner in his employment. Opinion Petitioner contends that the expenditures of $960 are deductible under section 162, [1] I.R.C. 1954. Respondent determined and contends that they are "personal" expenses within the meaning of section 262, [2] I.R.C. 1954, and therefore are not deductible. It should be noted at the outset that the expenditures here in question, as conceded by respondent *131 at the hearing, were incurred by petitioner while attending night school for the period January through August 1960 and do not involve any expenditures made while he was on educational leave. The incurring of these expenses was undertaken primarily for the purpose of maintaining or improving skills required by petitioner in his employment. As such, the expenditures are clearly deductible under section 1.162-5(a)(1) of the Income Tax Regulations issued as an interpretation of section 162(a) of the 1954 Code. The material provisions of these regulations are in the margin. [3]
*132 Respondent contends that the expenditures are not deductible under section 1.162-5(a)(2) of the Regulations. We would agree with the respondent as to this contention for petitioner himself testified that Sperry Gyroscope Company did not require him to take these night courses. But there is a big difference between(a)(1) and (a)(2) of section 1.162-5 of the Regulations. In the first place, (a)(1) and (a)(2) are in the disjunctive. Expenditures for education are deductible under either(a)(1) or (a)(2). We do not think the expenditures here in question are deductible under (a)(2) but we do think they are deductible under (a)(1). They were made primarily for the purpose of maintaining or improving the skills that were required by petitioner in his employment. Under (a)(1), the employer does not have to require the employee to make the expenditures for education. It is the skills that are required by the employee and if the employee makes expenditures for education primarily for the purpose of maintaining or improving those skills, the expenditures are deductible. The above Regulations issued pursuant to the 1954 Code with respect to the particular area of the law here involved are *133 much more liberal than those under the 1939 Code. See Hill v. Commissioner, 181 F. 2d 906 (C.A. 4, 1950), and I.T. 4044, 1951-1 C.B. 16. See also Robert S. Green, 28 T.C. 1154, wherein we said: The law, concerning the deductibility of such expenses, has been fairly well established since Hill v. Commissioner, 181 F. 2d 906, which first laid out generally accepted rules to be followed in such cases. The Hill case held that such expenses were deductible to a schoolteacher, if they were incurred "to maintain her present position, not to attain a new position; to preserve, not to expand or increase; to carry on, not to commence." The respondent recognized the distinctions of the Hill case, supra, by promulgating the I.T. 4044, 1951-1 C.B. 16, to the same general effect. Petitioner did not attend night school with the intention of obtaining a new or better position or to meet minimum requirements for the position of engineering aide he then held with Sperry Gyroscope Company. His primary purpose of incurring such expenditures was to maintain or improve his skills required by him in his then present employment. We hold *134 that the expenditures are deductible. Hill v. Commissioner, supra; Robert S. Green, supra; John S. Watson, 31 T.C. 1014; Cosimo A. Carlucci, 37 T.C. 695. It is immaterial that after petitioner graduated and received his degree in 1961 he gave up his position with Sperry Gyroscope Company and accepted new employment with Lockheed. Decision will be entered for the petitioner. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *. ↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
3. Sec. 1.162-5. Expenses for education. (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. * * *
(e) The provisions of this section may be illustrated by the following examples: * * *
Example (2). B, a general practioner of medicine, takes a course of study in order to become a specialist in pediatrics. C, a general practitioner of medicine, takes a 2-week course reviewing developments in several specialized fields, including pediatries, for the purpose of carrying on his general practice. B's expenses are not deductible because the course of study qualified him for a specialty within his trade or business. C's expenses for his education and any transportation, meals, and lodging while away from home are deductible because they were undertaken primarily to improve skills required by him in his trade or business. * * *
Example (5). E, a high school teacher of physics, in order to improve skills required by him and thus improve his effectiveness as such a teacher, takes summer school courses in nuclear physics and educational methods. E's expenses for such courses are deductible.↩