UNITED STATES of America,
Appellant,

v.

Howard K. MICHAELSEN and Fayetta
M. Michaelsen, Appellees.

COMMISSIONER OF INTERNAL REV-
ENUE, Petitioner,

v.

Elmer R. JOHNSON and Bernice E.
Johnson, Respondents.

Nos. 17898, 17687.

United States Court of Appeals
Ninth Circuit.

Jan. 31, 1963.

No. 17687:

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Frank I. Michelman, and Martin B. Cowan, Attorneys, Department of Justice, Washington, D. C., for petitioner.

Gerald J. Meindl and Robert Briggs, Portland, Or., for respondent.

No. 17898:

John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, and Burt J. Abrams, Attorneys, Department of Justice, Washington, D. C., and Frank R. Freeman, U. S. Atty., Spokane, Wash., for appellant.

Kizer, Gaiser, Stoeve, Layman & Powell, and Robert E. Kovacevich, Spokane, Wash., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and BEEKS, District Judge.

MERRILL, Circuit Judge.

In these two cases the same question is presented: whether a teacher-taxpayer may deduct as ordinary and necessary expenses of business the cost of education secured in order to permit him to continue in the teaching profession. While the cases present different aspects of the problem, the same sections of code and regulations are involved and for clarity of discussion it has been thought best to consolidate the two cases in one opinion.

The deductions are sought under § 162 (a) of the Internal Revenue Code of 1954, which provides:

"There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *."

Section 1.162–5 of the Treasury Regulations deals with the deduction of expenses for education. Subsections (a) and (b) are set forth in the margin.[1]

### MICHAELSEN

This case arises under Washington law and comes to us on appeal by the United States from a decision in favor of the taxpayer rendered by the District Court for the Eastern District of Washington.

The essential problem: where the line shall be drawn between the current business expenses of a teacher, and expenditures of a preparatory and qualificatory character incurred by a would-be teacher.

■ The Washington State Board of Education has provided through regulations for a teacher education program as follows:

(1) Four academic years of pre-service education are required, upon completion of which a "provisional certificate" is issued, valid for one year and renewable for not longer than five years.

(2) At least one year of teaching experience is required under the "provisional certificate."

(3) A fifth year of education at the graduate level is required after compliance with the first two requirements, upon completion of which a "standard general certificate" is issued.

---

[1] "Expenses for education.—(a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities)

"(1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or

"(2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment.

Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph. Expenditures for education of the type described in subparagraph (2) of this paragraph are deductible under subparagraph (2) only to the extent that they are for the minimum education required by the taxpayer's employer, or by applicable law or regulations, as a condition to the retention of the taxpayer's salary, status, or employment. Expenditures for education other than those so required may be deductible under subparagraph (1) of this paragraph if the education meets the qualifications of subparagraph (1) of this paragraph. A taxpayer is considered to have made expenditures for education to meet the express requirements of his employer only if the requirements are imposed primarily for a bona fide business purpose of the taxpayer's employer and not primarily for the taxpayer's benefit. Except as provided in the last sentence of paragraph (b) of this section, in the case of teachers, a written statement from an authorized official or school officer to the effect that the education was required as a condition to the retention of the taxpayer's salary, status, or employment will be accepted for the purpose of meeting the requirements of this paragraph.

"(b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible. * * *"

Thus a teacher under a provisional certificate may not continue teaching for more than five years without completing his fifth year of education and thereby obtaining a standard certificate.

In February, 1954, taxpayer, having secured his provisional certificate, was employed as a teacher by the Spokane School Board. That year he enrolled as a student in a night school for a course of law. The credits received by him through this course of study in 1957 were accepted by the State Board of Education as satisfying the fifth year of education required by their regulations. Taxpayer claimed the cost of tuition, books and supplies for the 1957 school year in the amount of $618.00 as an ordinary and necessary business expense. This amount was disallowed by the commissioner and the deficiency was paid by the taxpayer, who then brought this suit to recover such payment. Judgment in his favor was rendered by the district court.

The United States contends that since this education was not required in order to permit taxpayer to continue teaching under his provisional certificate, but only for the securing of a standard certificate, it was preliminary and qualificatory. It refers us to the final sentence of the regulations as quoted in Footnote 1 of this opinion:

"* * * if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible."

The United States contends that the "standard" certificate represents the "minimum requirements for qualification or establishment." It refers us to Revenue Ruling 60–97, 1960–1, Cum.Bull. 69, dealing with minimum requirements, which in part is set forth in the margin.[2]

We cannot agree that under the regulations and rulings the "standard" certificate represents the minimum requirement for qualification or establishment. In our judgment, that requirement is met by the "provisional" certificate.

Here the state, by its "provisional" certification, had licensed taxpayer to enter upon his teaching livelihood. It did not withhold judgment as to taxpayer's qualifications. It did not require any appraisal of the manner in which he had provisionally taught. It certified him as presently qualified to teach—not to serve a period of apprenticeship or internship or of professional learning or tutelage—but to teach professionally as a teacher.

The standard certificate when issued granted him no new authority or capacity. He continued to do precisely what he had already been doing and what he had already been certified as qualified to do. The conditions imposed upon his right to a standard certificate were not, then, conditions upon taxpayer's entrance into his profession, but upon his continuing in it.

Under these circumstances, it is our view that the standard certificate cannot be regarded as "another type of certificate" under the revenue ruling (Footnote 2 of this opinion) and that under that ruling it must be regarded as a "continuing certificate." As the ruling itself indicates, it is not the label which the state has chosen to attach to its certificates which is determinative. As we have noted, the standard certificate was

2. "The state's minimum requirements for qualification or establishment in his intended position have been met by a teacher or school administrator when he has acquired the education necessary to hold a continuing certificate in that position. For the purposes of this Revenue Ruling, a continuing certificate is one which need not be renewed, is renewable or convertible on the basis of experience only, or is renewable indefinitely by ac-

quiring education which is not directed toward required conversion to another type of certificate. In other words, a teacher has met the state's minimum requirements when he is eligible for a certificate and is not required to take additional education showing progress toward the attainment of another type of certificate. The name or term applied to a certificate is not controlling."

forthcoming upon completion of the fifth year of education. It certified simply that the requisites of additional experience and education had been met. Education directed toward the securing of such a certificate, in our judgment, is not progress toward attainment of another type of certificate.

Judgment of the district court in the Michaelsen case is affirmed.

### JOHNSON

This case arises under Oregon law and comes to us on petition of the Commissioner of Internal Revenue for a review of a decision of the Tax Court in favor of the taxpayer.

■ The question presented is whether expenses are deductible under § 162 (a) when incurred for a dual objective: that of securing a regular permanent certification as teacher, and, secondly, the more immediate objective of securing the right to continue under temporary, emergency certification.

In September, 1955, taxpayer was issued an elementary emergency certificate by the State Board of Education of Oregon and began teaching at Coos Bay, Oregon. This certificate was issued on an annual basis. Its issuance depended upon the board's determination that a condition of emergency existed which warranted the issuance of a temporary certificate to one who had not yet qualified for regular certification.

In the spring of 1956, taxpayer was re-hired by the Coos Bay School District in the same capacity and at the same salary as for the preceding year, but on the express condition that she qualify under State Board regulations for issuance of a second emergency certificate by attending summer school during the summer of 1956.

During the summer of 1956, taxpayer attended an eight-week summer session at a cost of $501.40. Taxpayer selected courses which would serve to assist her in eventually securing permanent certification. As a result of this course of study, the taxpayer secured her second emergency certificate for the year 1956-57 and during that year continued in her employment in Coos Bay. In 1959, upon completion of the required courses of study, taxpayer received a bachelor's degree in education, and in 1960 received a permanent elementary teacher's certificate.

On her tax return for 1956, taxpayer claimed as a deduction the $501.40 item of educational expense. The commissioner disallowed the deduction. The Tax Court allowed it.

Taxpayer contends that here, as in the Michaelsen case, she had actually entered upon her professional career, having met its minimum requirements through securing her emergency certification. We need not decide upon this contention and assume, arguendo, that she had not. Nevertheless, the incurring of this expense was required by her employer as a condition to her continuing to be employed in her emergency status.

Marlor v. Commissioner of Internal Revenue, 2 Cir., 1958, 251 F.2d 615, is squarely to the effect that such expenses are deductible. There the taxpayer had accepted a position as a college tutor. He had to qualify as an instructor within five years in order to be able to be re-appointed as tutor and in order to be re-appointed for a second year he had to show substantial progress toward a doctorate. The Tax Court disallowed the taxpayer's deduction of expenses of education leading to the doctorate. 27 T.C. 624. Judge Raum dissented. On review, the Court of Appeals reversed per curiam on the basis of the dissenting opinion. That opinion, in its entirety, reads:

"The expenses incurred by petitioner had a dual objective. On the one hand, the attainment of the doctorate was necessary in order to qualify for appointment to the permanent staff, and I assume, arguendo, that if such were the only purpose, the expenses would not be deductible any more than educational expenses generally that are incurred by one who is preparing for his profession or calling in life. On the

other hand, petitioner's work toward his doctorate had a much more immediate objective. He held a temporary appointment as a tutor and it was made clear to him that it was necessary for him to make substantial progress toward the doctorate in order to retain his position as tutor. In short, the expenses incurred by petitioner were necessary in order to earn the very income which the Commissioner seeks to tax. I find it very difficult to see why such expenses do not qualify as 'ordinary and necessary' business expenses. Petitioner's position is supported by Hill v. Commissioner, 181 F.2d 906 (C.A. 4), which is not satisfactorily distinguished in the majority opinion."

In the case before us, the Tax Court opinion states:

"Under the decision in Hill v. Commissioner, 181 F.2d 906 (C.A. 4, 1950), expenses for summer school education are deductible by a school teacher where incurred 'to maintain her present position, not to obtain a new position; to preserve, not to expand or increase; to carry on, not to commence.'

"In the instant case, as a prerequisite to maintaining her employment as a teacher under an emergency certificate, petitioner was required to take the summer courses which she took in the summer of 1956 at a cost of $501.40. That the courses selected by petitioner also served to assist her in eventually securing a permanent certificate is incidental to the main reason for petitioner's taking the additional education. Petitioner, in 1959, did obtain her Bachelor's Degree and in 1960 received a permanent teacher's certificate. These facts do 'not alter the fact that the petitioner was required by her employer to obtain certain credits in order to maintain' the status and employment she enjoyed as a teacher under an emergency certificate 'and this she ac-

complished by her summer studies' in 1956. Robert S. Green, 28 T.C. 1154 (1957). Petitioners are entitled to deduct the $501.40 as an ordinary and necessary business expense."

The commissioner contends that the Tax Court was in error and that Marlor was wrongly decided. He points out that Marlor predates § 1.162–5 of the Treasury Regulations (Footnote 1 of this opinion), although the administrative position had been stated in the proposed regulation and in earlier rulings; that Judge Raum and the Court of Appeals in Marlor thus had not had the benefit of the final regulation.

Notwithstanding this, we agree with the views of the Tax Court in its opinion in this case.

Here it is conceded that the expenses of education were necessary to the taxpayer's continued employment in her emergency status. It is not contended that the educational requirement was an unreasonable one on the part of the Board of Education or that the taxpayer met this requirement in an unreasonable fashion or that the expenses for some other reason could not be regarded as ordinary. The Tax Court has determined (and we do not see how a contrary determination could be sustained) that the main purpose of incurring this expense was to be able to continue in employment.

Under such "dual objective" circumstances as this, to apply the regulation (the final sentence of the quotation, Footnote 1) to preclude allowance of the deduction is, in our judgment, to place the regulation in conflict with the section it purports to regulate. It is tantamount to asserting that because of her second objective taxpayer cannot claim to have been engaged in a trade or business. But we know that she was so engaged. As pointed out in Marlor, it is the income earned from that very engagement which is here being taxed.

In the Johnson case the judgment of the Tax Court is affirmed.