Donald P. Frazee and Juanita R. Frazee v. Commissioner.
Frazee v. Commissioner
Docket No. 2627-62.
United States Tax Court
T.C. Memo 1963-217; 1963 Tax Ct. Memo LEXIS 127; 22 T.C.M. (CCH) 1086; T.C.M. (RIA) 63217; August 19, 1963
Donald P. Frazee, pro se, 1138 St. Andrews Dr., FairfaxVa. Douglas O. Tice, Jr., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined deficiencies in petitioners' income tax for the years 1958 and 1959 in the respective amounts of $57.64 and $102.30. The only issue for decision is whether expenses for books and tuition incurred by Donald P. Frazee in attending law school are deductible by him as business expenses. Findings of Fact Some of the facts have been stipulated and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein and made a part of our Findings by this reference. Donald P. Frazee, sometimes hereinafter referred to as petitioner, and his wife are residents of Fairfax, Virginia, and filed joint Federal income tax returns *128 for the years 1958 and 1959 with the district director of internal revenue at Richmond, Virginia. Petitioner is a civilian employee of the United States Department of the Air Force at the Pentagon, sometimes hereinafter referred to as the Air Force. Except for a period during the years 1943 to 1946 when he served in the United States Navy, petitioner has been continuously employed by the Air Force since 1942, and he has performed the following jobs at the pay grades and during the years as follows: Dates of
Pay
Performance
Grade
Title of Job
1942 to 1943
CAF-2
Mail Clerk
(1943 to 1946
In service with United
States Navy)
1946 to 1950
GS-4
Supply Officer
through
GS-7
1950 to 1954
GS-7
Maintenance Officer
through
GS-11
1954 to
GS-12
Maintenance Program
Dec. 2, 1956
Control Officer
Dec. 2, 1956,
GS-13
Maintenance Program
to Sept. 20, 1959
Control Officer
Sept. 20, 1959,
GS-14
Maintenance Program
to July 9, 1961
Control Officer
July 9, 1961,
GS-14
Supervisory Industrial
to April 15, 1963
Specialist, Maintenance
Engineering Although a change in petitioner's job title went into effect on July 9, 1961, the *129 duties he performed and his job description were not changed. When petitioner first began his employment with the Air Force in 1942 he was a senior in high school and 16 years old. Petitioner attended high school during the daytime and worked during the hours of 4 p.m. to 12:30 a.m. Petitioner entered Sinclair College in Dayton, Ohio, in September 1947 where he attended night classes and received an associate degree. He transferred to American University in Washington, D.C., where he also attended night classes and received a bachelor of science degree in business administration in January 1957. Petitioner spent a total of 9 years attending night school as an undergraduate. In the summer of 1957 petitioner decided to go to law school, and in September of that year he began a night law school course at the Washington College of Law, American University. Petitioner attended law school at night during the years 1958 through 1961, during which latter year he received a bachelor of laws degree. While pursuing his legal studies, petitioner continued as a full-time employee of the Air Force. During the years 1958 and 1959 petitioner incurred expenses in the respective amounts of $262 *130 and $465 for law books and tuition at law school. At the time of trial petitioner had been employed by the Air Force for approximately 20 years and 9 months, and was 37 years old. Under the retirement system in effect with respect to his employment he would be eligible for retirement benefits at the age of 60 after 44 years of service, or he could elect reduced retirement benefits at the age of 55 after 39 years of service. Petitioner has had no intention of leaving the Government service to work in private industry, or of changing his occupation or profession from a career civil service employee to an attorney and thereby forfeiting his retirement rights or facing the possibility of losing the seniority and grade he had attained in his employment. Petitioner has taken examinations without success for admission to the Virginia bar and he plans to take the examination again at a future date in 1963. Petitioner has no intention of practicing law prior to his retirement from Government service on an annuity. Petitioner was not required by his supervisors to undertake the education in question, nor was such education necessary for the retention of his position or promotion to a higher *131 one. His attendance at law school, however, was regarded with favor by his supervisors. At the time petitioner entered law school his employment was located in the Financial Management Branch, Programs Development Group, Directorate of Maintenance Engineering, Deputy Chief of Staff-Materiel. The functions of the office in which petitioner worked pertained to world-wide maintenance engineering material programs of the Air Force. Petitioner's duties included the development and writing of numerous regulations, and policy and procedure documents governing world-wide maintenance and modification plans and policies for aircraft, missiles, and weapon systems. The regulations prepared by petitioner apply to the military as well as to the contractors and civilian agencies dealing with the Air Force. Petitioner also represented his office in conferences with other parties interested in the regulations, including the Air Force's legal staff which reviewed them for adequacy. Other duties performed by petitioner included the preparation of replies to congressional and industrial inquiries and preparation of speeches in justification of the maintenance engineering materiel program before various *132 Federal agencies and bodies, such as the Secretary of Defense, Bureau of Budget, and congressional committees. Certain proposed legislation which petitioner discerned would be detrimental to essential military operations and wartime readiness was defeated in part due to petitioner's efforts in developing the points of opposition for the Department of Defense. Petitioner's supervisor correctly believed that the legal education undertaken by petitioner improved his skills in carrying on these assigned duties. There were approximately six men in petitioner's grade, GS-13, one in GS-14, and one in GS-12, and several military officers of senior grade in petitioner's office at the time he entered law school. None of the other employees in petitioner's office were attorneys, and attendance at law school was not required of petitioner or any of his associates. Petitioner was appointed to GS-14 in September 1959 to fill a vacancy in the Plans and Policy Branch which was in the same chain of command and was supervised by a colonel in the Air Force. There were no attorneys in this office and a legal education was not required of any employee assigned to this office. Petitioner's positions *133 required a specialized skill in and knowledge of Air Force maintenance and his experience and background qualified him for his assigned duties. Petitioner attended law school for the purpose of improving his skills in writing regulations, in answering congressional inquiries, and in writing other policy and procedure documents. A legal education was appropriate and helpful in enabling petitioner to perform more skillfully the duties of the positions which petitioner held at the time he attended law school. At the time of trial, which was approximately 2 years subsequent to his graduation from law school, petitioner was still performing the duties that he performed at the time he attended law school. Although petitioner undertook a course of legal study in part to fulfill his general educational aspirations and it was his expectation that over the long term the law degree would be helpful in obtaining additional remuneration by way of promotions, his primary purpose for such undertaking was to maintain or improve his skills in his employment. Opinion KERN, Judge: Petitioner contends that the costs he incurred for books and tuition in attending law school are deductible under section 162 [1] of the Internal Revenue Code *134 of 1954 and the regulations thereunder, section 1.162-5, as expenses for education undertaken primarily for the purpose of maintaining and improving skills required by him in his employment. Respondent contends that the expenditures made by petitioner in attending law school are not deductible because the education was undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling petitioner's general educational aspirations. It is respondent's position that the costs incurred by petitioner are nondeductible personal or living expenses within the meaning of section 262 [2] of the Internal Revenue Code of 1954. Section 1.162-5, Income Tax Regs. *135 , upon which both petitioner and respondent rely, provides that expenditures made by a taxpayer for his education are deductible if they are for education undertaken primarily for the purpose of maintaining or improving skills required by the taxpayer in his employment, and that expenditures for education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. It is also provided in the regulations that whether or not education is undertaken primarily for the purpose of maintaining or improving skills required by the taxpayer in his employment shall be determined upon the basis of all the facts of each case. Petitioner recognizes that the burden of proof is upon him to show that his claimed deductions are allowable pursuant to respondent's regulations. The regulations also provide that expenditures made by a taxpayer for his education are deductible if such education was undertaken primarily for the purpose of meeting the express requirements of a taxpayer's employer *136 imposed as a condition to the retention by the taxpayer of his salary, status, or employment. Section 1.162-5(a)(2), Income Tax Regs. Petitioner does not claim he is entitled to deduct the expenses he incurred under this section of the regulations, and the record herein shows it to be inapplicable. On the basis of the testimony presented, we have found that such education was not required of petitioner by his supervisors and no employee working in petitioner's office was an attorney or law school graduate. The record in the instant case shows that petitioner was employed in a position requiring specialized skill and experience in Air Force maintenance, and that his background in maintenance qualified him to fill the position he held. His duties included the writing of Air Force regulations and policy and procedure documents, responding to congressional and industrial inquiries, and preparing speeches to be used before high level administrative bodies and congressional committees. In addition, petitioner successfully developed the points of opposition used by the Department of Defense to defeat certain proposed legislation which, if enacted, allegedly would *137 hinder military operations and impair wartime readiness. Petitioner undertook the legal education in question because he thought such study would aid him in performing these duties, and we believe that a legal education is reasonably related to that purpose and would be "appropriate and helpful" in enabling him better to perform such duties. See Cosimo A. Carlucci, 37 T.C. 695, 697. Although petitioner admitted with candor at the trial herein that he had educational aspirations, we cannot agree with respondent that fulfillment of such aspirations was petitioner's primary purpose in going to law school. We would take an unduly narrow view, and one not required by respondent's regulations if we held that the mere presence of general educational aspirations was sufficient to defeat the claimed deductions. Of necessity, an individual must have some general educational aspirations in order to complete a legal education at night school while working full time at his regular employment. Further, the possibility that some benefit, if any, may accrue to petitioner by enhancing his chances for promotion over the long term as a result of his education does not establish that the *138 education in question was undertaken primarily to obtain a new position or substantial advancement in position within the meaning of the regulations. See Cosimo A. Carlucci, supra at 701, 702. The record herein in its entirety supports petitioner's contention that his primary purpose in undertaking the education in question was to maintain or improve his skills in his employment. Respondent relies on Namrow v. Commissioner, 288 F. 2d 648, affirming 33 T.C. 419, certiorari denied 368 U.S. 914; Sandt v. Commissioner and Hines v. Commissioner, 303 F. 2d 111, affirming Memorandum Opinions of this Court; Grant Gilmore, 38 T.C. 765; and Joseph T. Booth III, 35 T.C. 1144. Those cases are distinguishable on their facts from the instant case. Those cases hold that where a course of education is undertaken primarily to obtain a higher position or to qualify for a new position or occupation the expenses incurred are not deductible. In the instant case petitioner did not seek or obtain a new or higher position because of the completion of his law school studies, nor did his duties change as a result of *139 his completion of his legal education. There were no positions in petitioner's office for attorneys. We believe petitioner's testimony to the effect that he is not, and never has been willing to change his occupation or profession after approximately 20 years' service as a career civil servant and thereby sacrifice his seniority or, if he left the Government service, the retirement benefits accruing to him. The facts that petitioner obtained a bachelor of laws degree and thereby became qualified to seek admission to the Virginia bar constitute, in our opinion on the testimony herein, results which were secondary and incidental to petitioner's primary purpose of maintaining or improving his skills in his position. As such, they do not defeat the claimed deductions. Cf. Commissioner v. Johnson, 313 F. 2d 668, affirming a Memorandum Opinion of this Court; Cosimo A. Carlucci, supra; and Robert S. Green, 28 T.C. 1154. Petitioner's failure to establish that it was customary for those engaged in his trade or business to study law does not persuade us to a conclusion in favor of respondent. The regulations provide that if it is customary for other *140 established members of the taxpayer's trade or business to undertake such education, then the taxpayer will be considered to have undertaken his education for the purpose of maintaining or improving the skills required in his employment. In the instant case none of petitioner's associates were attorneys or had obtained a law degree, and the inference is that it was not customary among the established members of petitioner's trade or business to obtain a legal education. We do not read the regulations as requiring the disallowance of deductions for educational expenses where the deduction is undertaken primarily for the purpose of maintaining or improving skills in a trade or business, even though such education is not customarily undertaken by other established members of petitioner's trade or business. See John S. Watson, 31 T.C. 1014, 1016. Having found that petitioner's primary purpose in undertaking his legal education was to maintain or improve his skills in his employment and that such education in fact served that purpose, we hold that the costs incurred for tuition and books with respect to his attendance at law school during the years 1958 and 1959 are deductible *141 expenditures. Decision will be entered for the petitioners. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩