**Owen L. LAMB and Nancy C. Lamb, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Docket 31071.**

United States Court of Appeals Second Circuit.

Motion Argued March 6, 1967.

Decided March 9, 1967.

---

Owen L. Lamb, pro se.

Howard M. Koff, Department of Justice, Washington, D. C., for respondent.

Before LUMBARD, Chief Judge, WATERMAN and SMITH, Circuit Judges.

WATERMAN, Circuit Judge.

Taxpayers were notified at their Poughkeepsie, New York address on June 19, 1964, by the District Director of the Internal Revenue Service at Albany, New York, that that office had found a tax deficiency of $194.99 in their joint income tax return for the taxable year 1962 which they had timely sent on April 15, 1963 to the office of the District Director at Richmond, Virginia.

Taxpayers were temporarily residing in North Arlington, Virginia, in April 1963, while Owen Lamb was an IBM trainee in Washington, D. C. See Williams v. United States, 238 F.Supp. 351 (SDNY 1965). In June 1963 Owen Lamb completed his training at the IBM Patent Center and received his LL.B. degree at George Washington University Law School. Thereupon he was transferred to Poughkeepsie, New York by his employer, and taxpayers have continued to reside there. In November, 1963, at taxpayers' request, the 1962 unaudited return was transferred by the Internal Revenue Service to the Albany district office. On September 11, 1964 taxpayers petitioned the U. S. Tax Court for a redetermination of the deficiency the Albany District Director had determined,

a Tax Court hearing was held on the petition in New York City, and the Albany District Director's deficiency determination was upheld on August 2, 1966.

Taxpayers have now petitioned the U. S. Court of Appeals for the Second Circuit to review the action of the Tax Court, and the Commissioner of Internal Revenue has moved to dismiss taxpayers' petition on the ground that the U. S. Court of Appeals for the Fourth Circuit is the only court of proper venue for reviewing the Tax Court decision.

The Commissioner relies upon Section 7482(b) (1) of the Internal Revenue Code of 1954, which, at the time the Tax Court handed down its decision on August 2, 1966, stated that decisions of the Tax Court "may be reviewed by the United States Court of Appeals for the circuit in which is located the office to which was made the return of the tax in respect of which the liability arises * * *."

■ Of course any U. S. Court of Appeals has equal jurisdiction with any other U. S. Court of Appeals to review Tax Court decisions, and as the venue provisions of a statute granting jurisdiction may be waived, see Industrial Addition Association v. C. I. R., 323 U.S. 310 at 314, 65 S.Ct. 289, 89 L.Ed. 260, if the court accepts the responsibility of adjudication after such a waiver (which it need not), as long as it has jurisdiction its mandates are enforceable. Industrial Addition Association v. C. I. R., supra.

We deny the motion to dismiss and order the appellants to file their brief and appendix within thirty days hereof.

■■ In determining our power to hear the appeal we find that, on the affidavits before us, see Novo Trading Corporation v. C. I. R., 111 F.2d 449 (2 Cir. 1940), the venue provision of Section 7482(b) (1) was in the first instance waived when the Commissioner,

1. The deficiency notice having been issued by the District Director at Albany the amount of the deficiency was payable to Albany; if no payment were made the assessment of the deficiency and collection thereof would be made by Albany; and if

for the convenience of the Service and the taxpayers, lodged taxpayers' 1962 income tax return with the Albany District Director and charged him with determining whether taxpayers' return would be accepted as filed, or whether any liability for additional tax was to arise after an Albany examination of the Richmond-filed return. And thereafter waiver of venue was made more definitive when the deficiency notice itself was delivered to taxpayers by Albany, for if Albany were but acting as an agent for Richmond it would seem that Albany should have returned the Lamb file to Richmond and that Richmond should have issued the deficiency notice.[1] Such a waiver as we here find is consistent with our belief that the Service should desire to convenience taxpayers and not cause them deliberate hardships.

■ We believe that Section 7482(b) was adopted by Congress to convenience taxpayers, so that court review could be had by the U. S. Court of Appeals sitting in the circuit wherein the taxpayers resided, and that, in denying the Government's motion predicated upon the proposition that these Poughkeepsie residents should be forced to present their case involving $194.99 to the Fourth Circuit, we are following congressional intent.

We are encouraged in our belief by the fact that four months ago Congress amended § 7482 so that Tax Court decisions handed down after Nov. 2, 1966 "may be reviewed by the United States court of appeals for the circuit in which is located * * * the legal residence of the petitioner * * *." Pub.L. 89–713, § 3(c), 80 Stat. 1109.

Of course by this decision we are not holding that the Fourth Circuit is not a court of proper venue but only that by the administrative action of the Service the Second Circuit has also become a court of proper venue.

The motion to dismiss is denied.

taxpayers paid the deficiency their claim for a refund upon which to base an action to recover the payment would be made to Albany. Albany had been fully substituted for Richmond.