James K. and Donna L. Curtin v. Commissioner.
Curtin v. Commissioner
Docket No. 7356-70 SC.
United States Tax Court
T.C. Memo 1972-24; 1972 Tax Ct. Memo LEXIS 232; 31 T.C.M. (CCH) 73; T.C.M. (RIA) 72024; January 31, 1972, Filed. James K. Curtin, pro se, 2322 West 112th Place, Chicago, Ill. Walter T. Thompson, for the respondent. CALDWELL
Memorandum Findings of Fact and Opinion CALDWELL, Commissioner: Respondent determined a deficiency in petitioners' income taxes for 1968 in the amount of $367.57. The sole issue for decision is whether they are entitled to deduct, as education expenses, certain amounts paid by the husband-petitioner for tuition and related costs of attending law school, as well as for travel to and from school. Findings of Fact Some of the facts were stipulated. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioners, husband and wife, resided in Chicago, Illinois, at the time *233 they filed their petition. They filed a joint income tax return for 1968 with the District Director of Internal Revenue at Chicago, Illinois. James Curtin will be hereinafter referred to as the petitioner. Petitioner graduated from Chicago Teachers College in 1957, with a major in education and a minor in business administration and accounting. From September 1958 through June 1961, he attended the University of Chicago Graduate School of Business, and was awarded the degree of Master of Business Administration, with a major in accounting and a minor in finance. During 1963 and 1964, he took courses in automatic and electronic processing, computer systems, and programming at the Chicago Teachers College and the IBM school in Chicago. In 1964, he took a CPA Review Course at Loyola University, preparing for the Certified Public Accountant examination, which he took in 1964 and 1965. He was awarded his certificate as Certified Public Accountant in February 1966. Meanwhile, as petitioner was pursuing the foregoing educational activities, he was also teaching school. He taught general business in a Chicago high school from February to June 1957; and after six months in the United States *234 Army on active reserve duty, he resumed teaching in another Chicago high school, where he taught 74 bookkeeping, business law and other related business courses until June 1964. During this latter period, petitioner also taught typing, fundamentals of accounting, and cost accounting, part-time in the evenings, at the Wilson Campus of Chicago City College (now known as Kennedy-King Campus). In 1965, petitioner was transferred from his high school teaching assignment to the Business Department of Wilson Campus [1] on a regular full-time basis, with the rank of instructor in business law and accounting; in 1966 he was promoted to assistant professor; and in 1969 he was promoted to associate professor. At the time he transferred to Wilson Campus, full-time, petitioner met the minimum requirements for an instructorship at that school. During 1969 to the present, he has been a professor on the so-called "TV Campus" of the College, where he has presented and assisted in presenting courses in business and accounting on television Channel 11 in Chicago. From 1969 to the present, petitioner has also taught auditing and business law in a CPA Review School in Chicago. *235 The education expenses involved in the instant case are those incurred by petitioner in attending the Evening Division of John Marshall Law School in Chicago. Petitioner's employer did not require that he attend law school. Petitioner enrolled in John Marshall in July 1966, and was awarded the Doctor of Jurisprudence Degree in June 1970. During the year 1968, which is here involved, petitioner took and passed the following courses at John Marshall: First Semester
Summer Term
Pleading II
Federal Procedure
Property III (Real Es- tate)
U.C.C. III (Security Transactions)
U.C.C. II (Negoti- able Instruments)
Insurance
Philosophy of Law
Second Semester Evidence Illinois Constitutional Law Persons (Domestic Relations) Estate Planning Legal Writing II (Law Review) Petitioner paid tuition in 1968 of $949.50 and expended $127.68 for textbooks and fees. Petitioner drove in his automobile from his home on the far south side of Chicago to John Marshall in the Chicago Loop District, round-trip distance of 32 miles, three days per week for 44 weeks in 1968. He also paid $75 for parking while attending that school. In August 1970, petitioner took and *236 passed the Illinois Bar Examination, and he was admitted to the bar of the Supreme Court of Illinois in November 1970. From July 1970 until November 1970, petitioner was employed as a law clerk with a law firm in Chicago. After his admission to the bar, he became an associate of the firm, where he has been compensated on the basis of the time he actually spends on work for the firm's "billable clients." Petitioner intends to terminate his association with the law firm in February 1972, at which time his "TV Campus" assignment will end and he will resume regular classroom-type work at Kennedy-King Campus. On their 1968 return, petitioners took a miscellanaeous deduction for "Professional Expenses" of $1666.56, of which $1569.56 was claimed to be "Educational Expenses." Respondent disallowed $1554.18 of the educational expenses; but he allowed the remaining $15.38, as well as the other professional expenses claimed as deductions by petitioners on their return. Opinion Section 162(a) of the 1954 Code allows a deduction for "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Section 162-5, Income Tax Regs., deals with *237 the deduction of education expenses as ordinary and necessary business expenses; and as in effect for the taxable year 1968, which is here involved, the regulation permits a deduction for education expenses to an individual, where the education (1) maintains or improves skills required by the individual in his employment, or (2) meets the express requirements of the individual's employer - if and only if the expenses of such education are not made in order to meet the minimum educational requirements of his employment, and are not "expenditures made by an individual for education which is a part of a program of study being pursued by him which will lead to qualifying him in a new trade or business." The validity of that 75 regulation was sustained by this Court in Ronald F. Weiszmann, 52 T.C. 1106, affd. (C.A. 9, 1971) 443 F. 2d 29. It would appear that some of the courses which petitioner took at John Marshall in 1968 bore a relationship to his teaching duties at Chicago City College. Nevertheless, petitioner's deductions for his education expenses must be disallowed, for it is clear that his studies at John Marshall were "part of a program of study *238 being pursued by him which will lead to qualifying him in a new trade or business," in the language of the regulations. Petitioner did in fact graduate from law school; take and pass the Illinois bar examination, and become admitted to practice before the Illinois Supreme Court as an attorney at law; and he has in fact engaged in the practice of law. Petitioner presents a two-pronged argument: First, that his expenses are allowable under the regulation, and second, if they are not, then the regulation is invalid as being in contravention of the statute (Section 162). We think his position is untenable on both counts. The regulation clearly applies to the facts of this case. And, as stated above, this Court, in the Weiszmann case, supra, has sustained the validity of the regulation. The case of Commissioner v. Johnson, (C.A. 9, 1963) 313 F. 2d 668, 671, affirming T.C. Memo. 1961-119, upon which petitioner relies, is inapposite. The Court of Appeals there affirmed this Court's opinion allowing a taxpayer to deduct expenses of attending summer school, as required by her employer-school board to maintain her temporary teaching certificate, even though that school *239 work would also serve to assist her in obtaining a permanent certificate - a different issue from that presented in the case at bar where petitioner was under no such requirement by his employer. It is to be noted, also, that the regulation applied in the Johnson case was different from that applicable in the instant case. We hold that respondent's disallowance must be sustained, on the ground that the expenses are not deductible under Section 162(a) of the Code and Section 162-5(b)(1) and (3), Income Tax Regs.
Respondent placed the denial of the deduction in the case at bar primarily on the ground that the expenses were not deductible as a matter of law. Alternatively, he advanced the ground of lack of substantiation. For completeness, we hold that petitioner expended $949.50 for tuition, and $127.68 for books and fees. He also traveled in his automobile to and from the school 4224 miles (132 round trips, at 32 miles per trip), which at 10 cents per mile would entitle him to deduct $422.40, if a deduction was allowable (Rev. Proc. 64-10, 1964-1 C.B. 667), and he spent $75 for parking his car while attending school. As a matter of law, we have been constrained to hold *240 that none of those expenses are deductible. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for respondent. Footnotes
1. At that time Chicago City College (inc1ding its Wilson Campus) was a part of the Chicago Public School System. The College and the System have since been separated from each other.↩