SANDRA M. HERING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hering v. Commissioner
Docket No. 4145-72.
United States Tax Court
T.C. Memo 1974-286; 1974 Tax Ct. Memo LEXIS 33; 33 T.C.M. (CCH) 1329; T.C.M. (RIA) 740286; November 7, 1974, Filed. W. Richard Sanders, for the petitioner. Ralph W. Jones, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1969 in the amount of $171. The only issue for decision is whether expenses for tuition and transportation incurred by petitioner in 1969 are deductible under section 162, I.R.C. 1954, [1] as an ordinary and necessary expense of her work as a school teacher. *34 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, a resident of Horseshoe Bend, Idaho at the time her petition in this case was filed, filed an individual Federal income tax return for the calendar year 1969 with the Internal Revenue Service Center, Ogden, Utah. In 1966 petitioner had completed 1-1/4 years of study at Colorado State College and 1 full year at Boise State College. After she had completed her 1-1/4 years' work at Colorado State College, her father died and she was unable to continue her work there. Petitioner had relatives in Boise, Idaho who informed her that after completion of 2 years of college, including certain specified courses, she would be able to obtain a provisional certificate from the State Board of Education of Idaho which would permit her to teach in the Idaho schools while she continued her education in evening classes and in summer school. These relatives offered to have her come and live with them in Boise while she took the required courses at Boise State College to complete the 2 years of college necessary to obtain the provisional certificate in Idaho.
Idaho Code, section 33-1203 which was *35 enacted in 1953 provides that in order to be eligible to teach in the public schools of Idaho, a person must have a valid certificate from that State. This section further provides that no person shall receive a standard certificate to teach in Idaho who does not have a minimum of 4 years of accredited college training, including such professional training as the State Board of Education may require, but that the State Board of Education shall in emergencies, which emergencies must be declared, issue a provisional certificate based on 2 years of college training, which training must include certain specified courses. Under this law an emergency was declared in 1953 and regulations were adopted by the State Board of Education for the issuance of provisional certificates. In 1966 petitioner applied to the State Board of Education for a provisional certificate to teach in the Idaho State school system. She demonstrated to the State Board of Education that she had completed the required 2 years of college and the required courses to receive her provisional elementary certificate to teach in the Idaho State school system, and this certificate was issued to her. She was employed *36 as a school teacher by the Horseshoe Bend School District in December 1966. After receiving her certificate petitioner only applied to those schools which were close enough to Boise that she would be able to commute to Boise for evening classes at Boise State College and to attend summer school classes. Teachers who had provisional certificates were encouraged to obtain a Bachelor Degree by increments in salary corresponding to the number of years of higher education they had completed. Provisional certificates were required to be renewed every 3 years and a requirement for renewal by a teacher holding such a certificate was a showing that she had completed a minimum of 18 semester hours, or 27 quarter hours of additional higher education within 3 years of the issuance or last renewal of her provisional certificate. At the times here pertinent neither the Horseshoe Bend School District nor the Idaho State Board of Education required teachers to obtain additional higher education once four years of accredited college education including professional training had been completed. The emergency with respect to the shortage of instructors with 4 years of accredited college training *37 which existed under the law in 1953 remained in effect until 1969. Because of a determination in 1966 that sufficient fully qualified teachers were available, the provisional certificate was replaced with the Interim Certificate Program. When this Interim Certificate Program became effective in 1969 provisionally certified teachers were allowed 5 years to become qualified for a standard certificate. When a teacher holding a provisional certificate or interim certificate completed 4 years of accredited college training with the minimum credit hours of required professional subjects, she obtained the standard teaching certificate. A person applying for a teaching certificate in Idaho for the first time who had the qualifications required for a standard teaching certificate would initially be issued such a certificate. When petitioner became employed in the Horseshoe Bend School District, there were other teachers teaching with her who had only a provisional certificate and some who had standard certificates.There was one teacher teaching with petitioner who had a "life certificate." A "life certificate" was a type of certificate which had been issued prior to the enactment of the *38 1953 law and in some instances those certificates had been obtained initially with as little as 1 year of higher education. At least from the midthirties Idaho law provided that 4 years of college was required to be a fully certified teacher. However, with each amendment of the law, provisions were made to permit persons to continue to teach with certificates of a type that had been discontinued so long as they did not cease teaching for more than a specified period of time, or in some instances showed professional growth through further higher education. Among the discontinued certificates which were placed in this category was the life certificate. When petitioner began teaching in the fall of 1966, she attended and participated in faculty meetings and had the same duties as other teachers in her school insofar as instructing in the classroom was concerned. She was only an associate member of the Idaho Education Association since full membership in that association required a degree from a 4 year college. Petitioner understood when she took her position as an elementary school teacher in 1966 that she would not have her provisional certificate renewed if she did not complete *39 18 semester hours of accredited higher education by the time in 1969 when her certificate came up for renewal. The requirement that provisionally certified teachers must complete a minimum of college work during each 3-year period was intended to result in such teachers obtaining a bachelor degree after completing 4 years of college work and reaching the standards necessary for a standard certificate. Since 1969 provisional certificates have not been issued to newly applying teachers but such certificates have been renewed for those teachers who had been granted such certificates prior to 1969. During 1969 petitioner took courses in the evening during the spring and fall semesters at Boise State College and also attended summer school. She earned 14 hours credit during the year and incurred tuition expense of $251 and transportation expense of $480. In May 1971 petitioner graduated from Boise State College with a B.A. degree in Elementary Education. Petitioner on her Federal income tax return for the calendar year 1969 deducted as a business expense the cost of tuition and transportation in connection with her work at Boise State College. Respondent in his notice of deficiency *40 disallowed this claimed deduction on the basis that the expenses were incurred as part of the cost of obtaining a B.A. degree in Elementary Education and therefore were incurred to "meet the minimum educational requirements enabling you to become a fully qualified teacher in the State of Idaho." OPINION Since shortly after the decision in Hill v. Commissioner, 181 F.2d 906 (C.A. 4, 1950) reversing 13 T.C. 291 (1949), respondent has recognized that certain expenses for education are deductible under section 162(a), as ordinary and necessary business expenses and has prescribed by detailed regulations the basis on which such deductions will be allowed. The regulations which were in effect from 1958 through 1967 carried in effect an intent test. Where the education for which the expenditure was made was required by the employer in order for the individual to retain his position and the expenditure was made by the person primarily for the purpose of maintaining a present position rather than to obtain a new position or a better position, the amount was deductible. *41 See Robert S. Green, 28 T.C. 1154 (1957), and Unived States v. Michaelsen, 313 F.2d 668 (C.A. 9, 1963), affirming a Memorandum Opinion of this Court. In 1957 these regulations were changed and for taxable years beginning after December 31, 1967, only the new regulations were applicable. It was intended by the new regulations to remove the test of the "primary purpose" for pursuing the education where the education was a requirement to maintain a current position but also served to meet the minimum educational requirements for qualification in the taxpayer's employment. Where the education was necessary to meet the minimum requirements for qualification in his employment, the expense of obtaining such education is considered in the nature of a capital investment rather than a current expense and therefore is not deductible even though the employer requires that the taxpayer obtain the education as a condition of continued employment. Section 1.162-5(b), Income Tax Regs: [2]
*42 While the regulation states that the minimum education necessary to qualify for a position or other trade or business must be determined upon consideration of the facts involved with particular reference to the applicable law and regulations or standards of the profession and the requirements of the employer, the fact that an individual is already performing services in an employment status does not establish that he has met the minimum educational requirements for qualification in that employment. Petitioner in this case takes two basic positions. Her first position is that 2 years of college work was the minimum requirement for a teacher in Idaho and therefore the work she undertook in 1969 was not education required of her in order to meet the minimum educational requirements for qualification in her employment as a teacher. Petitioner's second position is that the expenses of her education should be deductible because she was required to take this education in order to maintain her position as a provisionally certified teacher and since this was the primary reason why she took the *43 courses, under the holding in United States v. Michaelsen, supra, the expenditures she made are deductible. As we have heretofore pointed out, the decision of the court in the Michaelsen case was made under the old regulations. As we pointed out in Arthur M. Jungreis, 55 T.C. 581, 592 (1970), the facts in that case would give rise to nondeductible education expenses under section 1.162-5(b) (2), Income Tax Regs. In the instant case the 1967 regulations are the only applicable regulations and the primary purpose for which petitioner undertook her education is immaterial. However, if this were material, the facts here are clear that even though petitioner was required to obtain at least 18 semester hours credit of higher education every 3 years to maintain her provisional certificate and be able to teach in Idaho, her primary purpose in pursuing the education she did in 1969 was to receive her A.B. degree. Her own testimony is that she came to Boise with that intent and that she sought positions only within commuting distance of Boise so that she could attend night school as well as summer school and complete her work toward *44 her degree. However, petitioner's intent or primary purpose is not the criteria under the new regulations and therefore it is necessary under these new regulations for us to examine all the facts to determine whether the expenses petitioner incurred in attending college and obtaining 14 hours of college credit in 1969 were expenditures made for education which was required of her to meet the minimum educational requirement to be a qualified teacher in Idaho. Upon consideration of all of the facts here present, we conclude that petitioner's expenditures were made for education required to meet the minimum requirements of a teacher in Idaho. The minimum requirement for a standard certificate in Idaho was a college degree with certain specified courses. Provisional certificates were only issued in emergencies and starting in 1969, the very year here in issue, no further new provisional certificates were issued. Beginning in 1969 provisionally certified teachers were allowed 5 years to become fully certified. Under these circumstances, it is clear that the minimum requirement for a teacher in Idaho in the year here in issue was 4 years of college work. As the regulations point *45 out, the fact that petitioner was employed under an interim certificate which had been issued when an emergency had been held to exist because of teacher shortages does not establish that petitioner had met the minimum educational requirements for qualification of a teacher in Idaho. In our view it is clear that she had not. While petitioner in no way attacks the validity of respondent's regulations, but rather argues that the amounts are deductible under those regulations, we point out that the provision of the regulations here involved has been held by this and other courts to be valid. Arthur M. Jungreis, supra, and Ronald F. Weiszmann, 52 T.C. 1106 (1969), affirmed per curiam 443 F.2d 29 (C.A. 9, 1971). Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954, except as otherwise indicated. ↩
2. Sec. 1.162-5(b) [Income Tax Regs.] Nondeductible educational expenditures. - (1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. (2) Minimum educational requirements. (i) The first category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. The minimum education necessary to qualify for a position or other trade or business must be determined from a consideration of such factors as the requirements of the employer, the applicable law and regulations, and the standards of the profession, trade, or business involved. The fact that an individual is already performing service in an employment status does not establish that he has met the minimum educational requirements for qualification in that employment. Once an individual has met the minimum educational requirements for qualification in his employment or other trade or business (as in effect when he enters the employment or trade or business), he shall be treated as continuing to meet those requirements even though they are changed. (ii) The minimum educational requirements for qualification of a particular individual in a position in an educational institution is the minimum level of education (in terms of aggregate college hours or degree) which under the applicable laws or regulations, in effect at the time this individual is first employed in such position, is normally required of an individual initially being employed in such a position. If there are no normal requirements as to the minimum level of education required for a position in an educational institution, then an individual in such a position shall be considered to have met the minimum educational requirements for qualification in that position when he becomes a member of the faculty of the educational institution. The determination of whether an individual is a member of the faculty of an educational institution must be made on the basis of the particular practices of the institution. However, an individual will ordinarily be considered to be a member of the faculty of an institution if (a) he has tenure or his years of service are being counted toward obtaining tenure; (b) the institution is making contributions to a retirement plan (other than Social Security or a similar program) in respect of his employment; or (c) he has a vote in faculty affairs. ↩