**ESTATE OF Leon ISRAEL, Jr., Deceased, et al., Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Appellee.**

No. 97–1489.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 8, 1998.

Decided Oct. 27, 1998.

Herbert Stoller argued the cause and filed the briefs for appellants.

Joan I. Oppenheimer, Attorney, U.S. Department of Justice, argued the cause for appellee. With her on the brief were Loretta C. Argrett, Assistant Attorney General, and Kenneth L. Greene, Attorney.

Before: EDWARDS, Chief Judge, SILBERMAN and RANDOLPH, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

This is an appeal from a decision of the Tax Court sustaining the position of the Commissioner of Internal Revenue regarding the tax treatment of certain losses. The appellants are the co-executors of an estate and the decedent's widow. The case turns on venue. Decisions of the Tax Court may be appealed to the circuit courts of appeals. The venue of a court of appeals depends on the residence of the petitioner in the Tax Court, but when the taxpayer is an estate, what controls? An estate has no legal residence. Does venue depend on the last legal residence of the deceased, as the Commissioner maintains? Or is venue determined by the residence of an executor who filed a petition in Tax Court, as appellants propose? Other questions relating to venue are also presented. If venue is proper here, the merits of the case are governed by *Stoller v. Commissioner*, 994 F.2d 855, *amended*, 3 F.3d 1576 (D.C.Cir.1993), in which we ruled in favor of the taxpayer and against the Commissioner on identical facts. If venue is not proper here, the Commissioner asks us to transfer the case to another circuit, or circuits.

The venue questions arise as follows. In September 1988, the Commissioner sent a notice of deficiency to Audrey Israel and Barry Gray, an executor of the estate of Audrey Israel's late husband, Leon Israel. The notice dealt with losses reported on the Israels' joint tax returns for 1977, 1979, and 1980. In response to the notice, Gray and Audrey Israel petitioned the Tax Court for a redetermination of the deficiency. Gray was then a resident of New York; Audrey Israel was a resident of New Jersey, as was her husband at the time of his death. Thereafter, an amended petition named an additional "petitioner": Herbert Stoller, a co-executor of the estate (and the prevailing party in *Stoller v. Commissioner*). When the original petition was filed, Stoller was a resident of Bermuda.[1] The Commissioner answered the amended petition, admitting the portion of the petition alleging that the petitioners were Gray, a resident of New York, Stoller, a resident of Bermuda, and Mrs. Israel, a resident of New Jersey.

The Tax Court ruled in favor of the Commissioner. It is unnecessary to describe the ruling on the merits or the underlying facts, except to say that it directly contradicted our decision in *Stoller v. Commissioner*. As a matter of "judicial administration," the Tax Court follows "a Court of Appeals decision which is squarely in point where appeal from [its] decision lies to that Court of Appeals and to that court alone." *Golsen v. Comm'r*, 54 T.C. 742, 757, 1970 WL 2191 (1970), *aff'd*, 445 F.2d 985 (10th Cir.1971). Believing that venue would not be proper in the D.C. Circuit because neither Gray nor Audrey Israel resided in the District of Columbia, the court refused to treat *Stoller v. Commissioner* as binding. *See Estate of Israel v. Comm'r*, 108 T.C. 208, 226, 1997 WL 148537 (1997). The court disregarded Stoller's residence on the mistaken belief that he was appearing only as counsel, not as a petitioner.

In appeals from the Tax Court, venue in the courts of appeals will depend on the "legal residence" of the noncorporate "petitioner."[2] Tax Court decisions:

---

1. Amendments relate back to the original date of the petition. *See* Tax Ct R. 41(d), 26 U.S.C.A. following § 7453.

2. Unless the Secretary and the taxpayer stipulate otherwise, *see* 26 U.S.C. § 7482(b)(2), or the appeal is from a declaratory judgment regarding the status of certain governmental obligations, *see* 26 U.S.C. § 7482(b)(3).

may be reviewed by the United States court of appeals for the circuit in which is located—

> (A) in the case of a petitioner seeking redetermination of tax liability other than a corporation, the legal residence of the petitioner,

> \*     \*     \*

If for any reason no subparagraph of the preceding sentence applies, then such decisions may be reviewed by the Court of Appeals for the District of Columbia. For purposes of this paragraph, the legal residence ... shall be determined as of the time the petition seeking redetermination of tax liability was filed with the Tax Court ....

26 U.S.C. § 7482(b)(1).

■ Appellants believe venue is proper here because appellant Stoller, a resident of Bermuda, must be considered a "petitioner" in the Tax Court, and Bermuda is not located within any circuit. Hence the default provision of § 7482(b)(1) applies and this court may review the Tax Court decision. That Stoller, rather than the estate, should be viewed as a "petitioner" for purposes of § 7482(b)(1), is hardly open to dispute. The Tax Court's rules provide that a "petitioner" includes a "fiduciary entitled to institute a case on behalf of" a person against whom the Commissioner has determined a deficiency. Tax Ct. R. 60(a), 26 U.S.C.A. following § 7453. The term "fiduciary" includes executors. 26 U.S.C. § 7701(a)(6). As an executor of Leon Israel's estate, Herbert Stoller was therefore a "petitioner" within the meaning of § 7482(b)(1) and venue for the appeal would appear to lie in this Circuit. *Cf. Estate of Clack v. Comm'r*, 106 T.C. 131, 167, 1996 WL 86220 (1996) (Parker, J., dissenting); *Kruskal v. United States*, 178 F.2d 738, 739 (2d Cir.1950).

If Stoller were the only appellant, what we have just written would be conclusive. But co-executor Gray, a New York resident, also appeared as a petitioner representing the estate and is an appellant here. For this reason, the Commissioner asked us to transfer the appeal to the Second Circuit.[3] The Commissioner's theory was this: when more than one petitioner brings an appeal, the default provision in § 7482(b)(1) may not be invoked if *any* petitioner-appellant resided within a judicial circuit at the time of the petition. There are problems with this theory, the most important of which is that the language of § 7482(b)(1) does not support the Commissioner's reading. The statute, in subparagraph (A), speaks of the "legal residence of *the* petitioner" not the "legal residence of *any* petitioner." This strongly suggests that one must make a petitioner-by-petitioner determination regarding application of the default provision. In other words, Stoller's status as a Tax Court petitioner residing outside of any judicial circuit makes venue proper here, regardless of the status of any other appellant. This is consistent with one of the rationales generally underlying venue statutes—the convenience of the litigants. *See, e.g., Lamb v. Comm'r*, 374 F.2d 256, 258 (2d Cir.1967), *appeal dismissed*, 390 F.2d 157 (1968); *see also Panhandle Eastern Pipe Line Co. v. FPC*, 324 U.S. 635, 639, 65 S.Ct. 821, 89 L.Ed. 1241 (1945); 15 Charles Alan Wright et al., Federal Practice and Procedure 2d § 3801, at 5–6 (1986). That this rationale underlies § 7482(b)(1) seems evident,[4] especially in view of § 7482(b)(2), a provision authorizing the Commissioner and the taxpayer to agree in writing that a court of appeals outside the petitioner's residence may hear the appeal. When the taxpayer is an estate, and some executors reside in one circuit, while others reside in another circuit or outside the country, convenience is served

---

**3.** After the parties filed their briefs in this appeal, the Second Circuit adopted our holding in *Stoller. See Wolff v. Comm'r*, 148 F.3d 186, 189 (2d Cir.1998).

**4.** The fit is not perfect because venue is set when the petition is filed in the Tax Court. If a petitioner moves into another circuit after filing the petition, he must still bring any appeal in the circuit where he previously resided. By using the petitioner's residence at the time of filing of the petition, rather than the appeal, the Tax Court may be able to determine which court of appeals will decide the appeal, if one is filed, and to follow the law of that circuit. To this extent, § 7482(b)(1) represents somewhat of a compromise.

if venue lies in the circuit where *any* executor who was a petitioner and is now an appellant resides. To be sure, this enables appellants to choose their forum, which they might do for reasons other than convenience. But if there were no "pendent" venue, this potential problem would still exist. We very much doubt that executors of the same estate residing in different jurisdictions would file separate appeals from the same judgment. It is far more likely that they would agree to name in the Tax Court petition only those executors residing in the circuit where they wish their appeal to be heard. We have not mentioned convenience with respect to the Commissioner because § 7482(b) treats the matter of venue only from the perspective of the taxpayer, or the taxpayer's representative. The Commissioner litigates in each of the regional circuits and although the notice of deficiency in this case was sent from the Newark, New Jersey office of the IRS, the Commissioner, whose office is only a few blocks from our courthouse, can scarcely claim that defending his position here rather than in the Second Circuit imposes some undue burden. *Cf. FLRA v. Social Security Admin.*, 846 F.2d 1475, 1478–79 (D.C.Cir. 1988).

Because § 7482(b) allows multiple possible venues when there are multiple petitioner-appellants with different residences, the Tax Court may be unable to confine its decision to the law of any one circuit (assuming the circuits are in disarray). But we believe the venue provision makes this circumstance, rare as it may be, unavoidable. Indeed, the Commissioner argues in favor of multiple venues. While asking us to send the executors' appeal to the Second Circuit, the Commissioner requests us to send Mrs. Israel's appeal to the Third Circuit.

As to Mrs. Israel, we believe that she may proceed as an appellant in this court. Her liability stemmed from her filing of a joint tax return with her late husband. In the Tax Court she joined in the executors' petition. The Tax Court treated the case as involving a single petition. Just as the presence of Gray as petitioner does not render venue improper in this Circuit, so the presence of Mrs. Israel does not render venue

improper here. It is true that, under § 7482(b)(1), Mrs. Israel's New Jersey residence would have made the Third Circuit a proper venue had she filed a separate appeal. Nonetheless, we refuse to split the appeal of a single Tax Court decision and force one of the appellants to litigate the same case in another circuit. Although there are examples of co-petitioners appealing one Tax Court decision in separate circuits, *see, e.g., Gardner v. Comm'r*, 954 F.2d 836, 837 (2d Cir.1992); *Benbow v. Comm'r*, 774 F.2d 740, 740 n. 1 (7th Cir.1985), we have found no case in which a court has ordered the appellants to do so. Our refusal to require Mrs. Israel to sever her appeal is based on our reading of § 7482(b)(1)—that if venue is proper with respect to any one petitioner-appellant, it is proper with respect to all those who joined in a single Tax Court petition and who are appealing a single Tax Court decision. This is, we believe, consistent with sound judicial management. *See FLRA v. Social Security Admin.*, 846 F.2d at 1478; *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1204 (2d Cir.1970). Parallel litigation in separate courts wastes judicial resources and has the potential to spawn inconsistent judgments. *See Semmes*, 429 F.2d at 1202–03. Rather than seeking some "rigid mechanical solution" to the problems posed by parallel lawsuits, the Supreme Court has instructed us to craft solutions that take into account the "conservation of judicial resources and comprehensive disposition of litigation." *Semmes*, 429 F.2d at 1204 (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952)) (internal quotation marks omitted). Forcing Mrs. Israel to litigate in the Third Circuit the same case currently before us would be contrary to the Supreme Court's admonition. In short, when there is one Tax Court opinion generating one Tax Court decision, we should not force the parties to prosecute more than one appeal. While appellants may be able to file separate appeals from the same Tax Court judgment in separate circuits—an issue we do not decide—we most certainly should not encourage the practice, let alone order it, as the Commissioner urges us to do.

Accordingly, the decision of the Tax Court is reversed, and the case is remanded for determination of petitioners' tax deficiencies and overpayments for 1977, 1979, and 1980, consistent with our decision in *Stoller v. Commissioner*.

*So ordered.*