**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 19, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

GREGORY J. PODLUCKY,

　　Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

　　Respondent - Appellee.

No. 25-9000
(T.C. Docket No. 453-17)
(United States Tax Court)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.[**]
_____

In 2016, Petitioner-Appellant, Gregory J. Podlucky, and his wife, Karla S.

Podlucky,[1] received a notice of deficiency from the IRS for the tax years 2003 through

2006. I R. at 4–45. After the Tax Court denied their petition for redetermination, the

Podluckys appealed to the U.S. Court of Appeals for the Ninth Circuit. See Podlucky v.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Mrs. Podlucky was dismissed as a party to this appeal for failure to prosecute. See No. 25-9000, dkt. no. 16.

Comm'r of Internal Revenue, No. 22-70169, 2024 WL 4234510, at *1 (9th Cir. Sept. 19, 2024). The Ninth Circuit affirmed the Tax Court's decision. Id. The Podluckys nevertheless filed a motion with the Tax Court asking it to vacate that same decision due to an alleged fraud on the court. XXXIII R. at 166–73. The Tax Court summarily denied this motion. Id. at 176. Mr. Podlucky filed a notice of appeal in this court purporting to appeal from the denial of this motion. Id. at 179. He also filed an identical notice of appeal in the U.S. Court of appeals for the Ninth Circuit. Id. at 186.

The Commissioner moves to dismiss the appeal in this court for improper venue. Section 7482(b) of Title 26 of the United States Code governs venue for appellate review of Tax Court decisions. Under its terms, the proper venue for a case of "a petitioner seeking redetermination of tax liability" is "the legal residence of the petitioner." 26 U.S.C. § 7482(b)(1)(A). The "legal residence" of a noncorporate petitioner "shall be determined as of the time the petition seeking redetermination of tax liability was filed with the Tax Court[.]" Id. § 7482(b)(1); Est. of Israel v. Comm'r, 159 F.3d 593, 595 (D.C. Cir. 1998). At the time the Podluckys filed the petition seeking redetermination of their tax liability, they did not reside within the Tenth Circuit. Aplee. Br. at 10–11. Rather, Mr. Podlucky was incarcerated in Fort Dix, New Jersey, and Mrs. Podlucky resided in Newhall, California. See VII R. at 4–6; XXXIII R. at 2.

Mr. Podlucky asserts that venue is nonetheless proper in the Tenth Circuit based on two facts: (1) he was a citizen of Colorado at the time he filed an amendment to his petition, and (2) the Tax Court trial took place in Denver, Colorado. Aplt. Br. at 6. But the plain text of § 7482 does not suggest that amendments to the petition or the location

2

of trial are relevant to our determination of the petitioner's legal residence. See 26 U.S.C. § 7482. And Mr. Podlucky has not pointed this court to any authority supporting either assertion. See generally Aplt. Br. Mr. Podlucky also seems to argue that venue is proper in the Tenth Circuit because this action is an "Independent Action" and a "separate lawsuit" rather than an appeal of the Tax Court's decision. Aplt. Reply Br. at 18. This argument is unavailing. Indeed, his requested relief is for this court to vacate the Tax Court's decision. Aplt. Br. at 23. Thus, venue in this court is improper because Mr. Podlucky did not reside in the Tenth Circuit at the time he filed the petition seeking redetermination of tax liability. See 26 U.S.C. § 7482(b).

We will transfer a case to another court rather than dismiss it entirely only "if it is in the interest of justice[.]" 28 U.S.C. § 1631. Here, the interests of justice do not require transfer because Mr. Podlucky has already filed an identical notice of appeal to the Ninth Circuit from the same denial of his motion to vacate the Tax Court's decision.[2] XXXIII R. at 186. Accordingly, the Commissioner's motion to dismiss this appeal for improper venue is GRANTED. Mr. Podlucky's motion to proceed in forma pauperis is DENIED.

APPEAL DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2] The Ninth Circuit has held that appeal in abeyance pending the outcome of this appeal. See Order, Podlucky, et al. v. Comm'r, No. 25-1048 (9th Cir. June 11, 2025).

3